UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


JAMES SNOWDEN, Jr.

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

    Defendant.

1:16-cv-01859 GSA

**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF JAMES SNOWDEN Jr. AND AGAINST DEFENDANT NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY**

I. <u>**INTRODUCTION**</u>

    Plaintiff, James Snowden ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The matter is

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

1

currently before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] (*See,* Docs. 15 and 18). Upon a review of the entire record, the Court finds that the ALJ's decision is not supported by substantial evidence. Accordingly, the Court GRANTS Plaintiff's appeal and remands the case for further proceedings.

## II. FACTS AND PRIOR PROCEEDINGS[3]

### A. Background

On August 17, 2012, Plaintiff filed an application for SSI alleging disability beginning. AR 10; 178-190. The parties agree that Plaintiff properly exhausted his administrative remedies and that the Appeals Council denied Plaintiff's appeal. (Doc. 15, pg. 3 and Doc. 18, pg. 2). Therefore, this appeal is a review of Administrative Law Judge Kelly Wall's ("ALJ") decision issued on June 16, 2015, which is considered the Commissioner's final order. *See*, 42 U.S.C. §§ 405(g), 1383(c)(3). AR 10-19.

### B. Summary of the Medical Record

The Court has reviewed the entire medical record. AR 282-319. Because the parties are familiar with the factual background of this case, including Plaintiff's medical history, the Court will not exhaustively summarize these facts in this order. Relevant portions of the medical record related to Plaintiff's impairments and treatment will be referenced in this decision where appropriate.

## III. THE DISABILITY STANDARD

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which

---

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (*See* Docs. 7 and 8).
[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.
42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability.[4] 20 C.F.R. § 416.920(a). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 416.920 (a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 416.913.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability; (2) whether the claimant had medically-determinable "severe" impairments; (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 416.920(a)(4).

### IV.     SUMMARY OF THE ALJ'S DECISION

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined Plaintiff had not engaged in substantial gainful activity since August 17, 2012, his application date. AR 12. At step two, the ALJ identified epilepsy as a severe impairment. AR 12. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listing impairments in 20 C.F.R. Part 404 P, Appendix 1. AR 13. However, the ALJ also determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined 20 CFR § 416.920(b), except that he cannot climb ladders, ropes and scaffolds; he cannot drive or operate machinery; and he must avoid exposure to hazards, including unprotected heights, bodies of water, and hot surfaces. AR 13-17.

Given the above, at step four, the ALJ found Plaintiff could not perform his past relevant work as a machine operator, janitor, and security guard. AR 17. A vocational expert ("VE") testified that given the limitations in the RFC, Plaintiff could perform work as a cashier, counter clerk, and a sales attendant. AR 19. The ALJ therefore concluded Plaintiff was not disabled. AR

---

[4] All references in this decision are to the 2015 regulations which were the regulations in effect at the time of the ALJ's decision.

19.

## V. THE ISSUES PRESENTED

Plaintiff argues that the ALJ improperly assessed the medical record. Specifically, he argues that the ALJ did not properly consider the opinion of Dr. Perminder Bhatia, M.D., a consultative neurologist. He requests that the case be remanded for an award of benefits, or in the alternative, that the case be remanded for further consideration of the medical evidence. (Doc. 15, pgs. 7-13). In Opposition, the Commissioner argues that the ALJ's assessment of the medical evidence was proper and the ALJ's decision is supported by substantial evidence. (Doc. 18, pgs. 7-15).

## VI. THE STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## VII. DISCUSSION
### A. The ALJ's Weighing of the Medical Evidence is Not Supported by Substantial Evidence.

Plaintiff argues that the ALJ did not properly evaluate the medical evidence. Specifically, she contends that he failed to provide specific and legitimate reasons for rejecting Dr. Bhatia's opinion. (Doc. 15, pgs. 7-13). The Commissioner contends that the ALJ applied the correct legal standards when assessing the medical evidence and her rejection of Bhatia's opinion is supported by substantial evidence. Upon a review of the record, the Court finds that the ALJ's weighing of the medical record is not supported by substantial evidence.

Under the law of this circuit, the opinions of treating physicians, examining physicians, and non-examining physicians are entitled to varying weight in disability determinations. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Ordinarily, more weight is given to the opinion of a

4

treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id*.; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). However, the opinions of a treating or examining physician are "not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Morgan v. Comm'r of Soc. Sec. Admin*., 169 F.3d 595, 600 (9th Cir. 1999). An ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. CSS*, 533 F.3d 1155, 1164 (9th Cir. 2008). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected for specific and legitimate reasons. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017); *Garrison v. CSS*, 759 F.3d 995, 1012 (9th Cir. 2014); *Ghanim v. CSS*, 763 F.3d 1155, 1161(9th Cir. 2014). The opinion of a non-examining physician may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record." *Thomas*, 278 F.3d at 957. Such independent reasons may include laboratory test results or contrary reports from examining physicians, and Plaintiff's testimony when it conflicts with the treating physician's opinion. *Lester*, 81 F.3d at 831, *citing Magallanes*, 881 F.2d at 751–55.

Here, the ALJ discussed three doctors' opinions evaluating Plaintiff's conditions: Dr. Bhatia, a consultative neurologist, and Drs. Betcher and Vaghaiwalla, two state agency non-examining physicians. The ALJ also discussed notes from Dr. Thiagarajan, Plaintiff's treating physician.

*Dr. Bhatia's Opinion*

On April 22, 2013, neurologist Perminder Bhatia, M.D., performed a consultative examination. AR 14-15, 295-297. Plaintiff reported that he had been having seizures for nine years, he was seeing a neurologist but he was not responding to treatment, he had memory problems, and he had been admitted to multiple hospitals for his condition. AR 295. Plaintiff denied anxiety or depression and his musculoskeletal examination was normal. AR 295-296. On neurological examination, Plaintiff scored fifteen on a mini-mental evaluation. AR 296-297. He was alert times three; his higher mental functions were normal; he answered questions appropriately; his language, understanding, repetition, and recall were normal; he had normal muscle strength and tone in his upper and lower extremities; and his gait, reflexes, sensation, and cerebellar signs were normal. AR 296. Dr. Bhatia assessed a history of refractory seizures, cognitive decline, and uncontrolled seizure disorder. AR 297. He opined that Plaintiff should not

5

drive or operate machinery, and he should not lift more than twenty pounds. AR 297. The doctor further opined that Plaintiff would not be able to obtain a job because his mini-mental evaluation score was fifteen, he was "behaving like a demented person," and he had cognitive decline. AR 297.

*The Non-Examining Physician's Opinions*

Two non-examining physicians reviewed the medical record. On May 7, 2013, state agency physician Dr. R. Betcher, M.D., opined that Plaintiff could perform light work with additional limitations to account for Plaintiff's seizures: he should never climb ladders, ropes, or scaffolds, and he should avoid moderate exposure to hazards, including machinery and heights. AR 68-70. Dr. Betcher noted Plaintiff's records showed consistent findings of cognitive delay, but that there was no objective evidence to substantiate his seizure complaints. AR 67. Given the consistent cognitive delay findings, Dr. Betcher recommended that a consultative examination be completed. AR 67. On November 4, 2013, state agency physician E. Vaghaiwalla, M.D., assessed the same limitations, but did not think the limitations from Plaintiff's impairments would last for at least one year. AR 80-82.

*Analysis*

When evaluating the medical record, the ALJ gave the functional limitations of Drs. Betcher and Vaghaiwalla great weight and assigned only some weight to Dr. Bhatia's opinion. AR 15. The ALJ rejected Dr. Bhatia's opinion for several reasons. AR 15. First, the ALJ noted Dr. Bhatia's opinion that Plaintiff could not obtain a job invades the ultimate determination of disability, which is reserved for the Commissioner. AR 15. She further noted that Dr. Bhatia's own neurological findings showed normal high mental function, appropriate answering of the questions asked of him, and that he had normal language understanding, repetition, and recall, which suggested the claimant was not demented. AR 15; 296. Finally, the ALJ found that Plaintiff's statements to Dr. Bhatia bordered on "incredulous." AR 15. 295. Specifically, the ALJ noted that during the examination, Plaintiff claimed that he did not know his wife, which was inconsistent with other reports in the file that Plaintiff could recognize his wife. AR 15. To support her opinion, the ALJ also relied on treatment notes from Dr. Thiagarajan from August 2013 through December 2014. AR 13-14; 283-319. She noted that although Plaintiff had reported seizures and headaches during this time period, on examination, he appeared in no distress, had a

normal gait, he had no neurological deficits, and that he had appropriate affect and demeanor, normal speech, and normal thought and perception. AR 14. Moreover, an EEG taken in August 2013 was normal. AR 14; 301; 305. Dr. Thiagarajan also recommended that another MRI test be completed in May 2014, and ordered another EEG and a drug screen in December 2014. There is no evidence that Plaintiff completed these tests as are no further treatment records from Dr. Thiagarajan, or summaries of the test results after December 2014. AR 14; 316; 318.

Although the ALJ provided several reasons for rejecting the Dr. Bhatia's opinion, the Court finds that the reasons were not legitimate. Preliminarily, the ALJ correctly notes that the disability determination is reserved for the Commissioner. *Tonapetyan v. Halter*, 242 F. 3d 1144, 1148 (9th Cir. 2001). However, an ALJ has a duty to develop the record when there is ambiguous evidence, or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir.2011). That is what happened here. The ALJ rejected Dr. Bhatia's opinion and relied on the non-examining physicians' opinions to find that Plaintiff was able to perform light work with related seizure limitations. It is established that an ALJ may rely on the opinions of non-examining medical experts and may consider them in the context of the whole record. *See, Thomas*, 278 F. 3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.). However, the opinion of a non-examining physician "cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining or a treating physician." *Lester*, 81 F. 3d at 831.

In this instance, Dr. Betcher evaluated the Plaintiff's physical limitations, but noted Plaintiff's records showed consistent findings of cognitive delays and recommended further assessment in that area, which the ALJ selectively disregarded in her summary. AR 14; 67. Additionally, although the ALJ characterizes Dr. Thiagarajan's treatment notes as largely normal, memory loss and cognitive delays are consistently noted in his progress reports. AR 283 (Plaintiff exhibited poor insight and judgment; unable to recall yesterday's dinner; could not identify day of the week); AR 311;317 (positive for anxiety, depression, stress, personality change and difficulty concentrating); AR 315- 316 (diagnosed with memory loss not otherwise specified); 318 (same). Moreover, the ALJ rejected Dr. Bhatia's opinion because of alleged inconsistent statements Plaintiff made to the doctor about Plaintiff not being able to recognize his wife. AR 15. However,

7

that is not what Dr. Bhatia's report says. Plaintiff's wife was present at the evaluation and the medical history was given by Plaintiff and his wife. AR 295. In summarizing Plaintiff's statements, Dr. Bhatia wrote "[t]he patient does not remember as per wife, he stares, sometimes falls down, and he call peoples' name." AR 295. Plaintiff or his wife never reported that he could not recognize her. His wife was only reporting symptoms that the Plaintiff was exhibiting. Therefore, the ALJ's summary of the record is not accurate. "Where the purported existence of an inconsistency is squarely contradicted by the record, it may not serve as the basis for the rejection of an examining physician's conclusions." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).

Finally, the ALJ stated that Dr. Bhatia's statement that Plaintiff was acting "like a demented person," is not consistent with the doctor's neurological findings which he reported as normal high mental functioning, appropriate answering of questions, and normal language understanding. However Dr. Bhatia's statement is consistent with a score of fifteen on the mini-mental status exam which was also part of his evaluation. The doctor had all of his testing information including his observations available to him at the time he made his assessment and still opined that Plaintiff manifesting dementia-like symptoms. Although an ALJ may reject a doctor's opinion if it is internally inconsistent (*Magallanes v. CSS,* 169 F. 3d 595, 603 (9th Cir. 1999)), the ALJ is not permitted to substitute her own medical opinion or independently assess medical findings. *See*, e.g., *Tackett v. Apfel*, 180 F.3d 1094, 1102-1103 (9th Cir. 1999) (holding an ALJ erred in rejecting physicians' opinions and rendering his own medical opinion); *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (as a lay person, the ALJ is "simply not qualified to interpret raw medical data in functional terms"). That is what the ALJ did here. She disregarded Dr. Bhartia's observations and his objective testing, and independently concluded that Plaintiff's had no cognitive impairments, notwithstanding Dr. Betcher's opinion that further assessment regarding Plaintiff's cognitive abilities was warranted. The Commissioner has argued that the ALJ did not commit error, and even if she did, the error is harmless based on the VE's testimony. Specifically, Defendant contends that when the VE was presented with a hypothetical that included limitations contained in Plaintiff's RFC, coupled with a limitation to simple routine tasks, the VE stated that the person could still perform the jobs the ALJ identified. However, there is no doctor's opinion in the record that Plaintiff could perform simple routine tasks. As such, it

would not be proper for this Court to find the ALJ's error is harmless without a medical opinion supporting that finding.

Nevertheless, the Court understands the ALJ's concerns and notes that Plaintiff's EEG testing and MRI scan in February 2011 were normal. AR 13; 283; 286; 289. The Court is also aware that Dr. Thiagarajan referred Plaintiff for a toxicology screen and for a further EEG in December 2014, and the results are not in the file.[5] AR 14; 310; 313. A remand with for an award of benefits is only appropriate when the record has been fully developed and further administrative proceedings would serve no useful purpose. Conversely, remand for further proceedings is appropriate when an evaluation of the record as a whole creates serious doubt as to whether the claimant is in fact disabled. *Garrison v. Colvin*, 759 F. 3d at 1020-1021. Given Dr. Bhatia's and Dr. Betcher's opinions, the record is unclear with regard to the extent of Plaintiff's cognitive limitations. The case must be remanded so that the record can be more fully developed. The ALJ shall obtain additional medical opinions as she deems appropriate to assess Plaintiff's cognitive functioning. Any subsequent decision shall discuss the weight assigned to each physician's opinion, the reasons for making such a determination, and why substantial evidence supports that conclusion. The ALJ should then formulate a RFC that encompasses any limitations and/or opinions that are supported by substantial evidence. The Court expresses no opinion regarding how any evidence should ultimately be weighed, and/or how any ambiguities or inconsistencies should be resolved on remand.

///
///
///
///
///
///
///
///
///

---

[5] The ALJ also indicated that Dr.Thiagarajan ordered an MRI test in May 2014. AR 14. However, it is not clear from the record whether that the test was actually ordered, or if it was just in the treatment plan. AR 316; 318.

**VIII. CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence. Accordingly, this Court GRANTS Plaintiff's appeal. The case is remanded to the Commissioner of Social Security for further administrative proceedings consistent with this opinion. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff James Snowden, and against Nancy A. Berryhill, Commissioner of Social Security, and to close this action.

IT IS SO ORDERED.

Dated: **March 16, 2018**          **/s/ Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE