# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SNOWDEN, JR., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. 1:16-cv-01859-GSA <br><br> ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. §406(b) <br><br> (Doc. 23) |

### I.   INTRODUCTION

On June 25, 2020, Plaintiff's counsel, Cyrus Safa, filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). Doc. 23. Plaintiff James Snowden, Jr., was served with the motion on June 24, 2020. Doc. 22. Plaintiff did not file any objections. On July 1, 2020, Defendant responded to the motion. Doc. 25.   For the reasons set forth below, the Motion for Attorney's Fees is GRANTED.

//

//

**II.   BACKGROUND**

On December 12, 2016, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for supplemental security income under the Social Security Act.  Doc. 1.  Plaintiff was represented by counsel pursuant to a contingent fee agreement.  Doc. 23-1.  On March 16, 2018, the Court entered judgment in favor of Plaintiff and ordered the case remanded pursuant to Sentence Four of 42 U.S.C. § 405(g).  Doc. 20.

Subsequently, the parties stipulated to attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $2500.00.00.  Doc. 22.  Plaintiff then moved for attorney's fees in the amount of $8500.00 pursuant to 42 U.C.S. § 406(b).  Doc. 23.  In support of the motion, counsel filed evidence indicating that Plaintiff was awarded approximately $74,776.72 in retroactive disability benefits. Doc. 23.  Counsel is seeking attorney's fees in an amount equal to approximately 11.37 per cent of the retroactive benefits awarded.

**III.   DISCUSSION**

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants.  Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment,* and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits ....

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir.2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 789, 802).  The Commissioner has standing to challenge the award, despite the fact that the Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y, Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir.1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee

awards under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen,* 879 F.2d 359, 365 (8th Cir.1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09. Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements. "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' ... 'looking first to the contingent-fee agreement, then testing it for reasonableness.' " *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807–08).

Here, the fee agreement between Plaintiff and counsel provides that the fee for successful prosecution in judicial review of an adverse decision of the Social Security Administration is 25 percent of the backpay awarded upon reversal of an unfavorable ALJ decision. Doc. 28-2. The Court has considered counsel's representation of Plaintiff and the results achieved. Plaintiff's counsel indicates that a total of 15.2 hours was expended litigating Plaintiff's case in the district

court. Doc. 23. There is no indication that a reduction of the award is warranted due to any substandard performance by counsel in this matter.  Counsel is an experienced attorney who secured a successful result for Plaintiff.

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht,* 535 U.S. at 796.  Here, Plaintiff's counsel has already been awarded EAJA fees in the amount of $2500.00. Therefore, any Section 406(b) fees awarded must be off-set by $2500.00 and refunded to Plaintiff.

### IV.     CONCLUSION AND ORDER

For the reasons stated above, the fees sought by Plaintiff's counsel pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1. The Motion for Attorney's Fees (Doc. 23) pursuant to Section 406(b) in the amount of $8500.00 is GRANTED.  The agency shall pay to attorney Cyrus Safa the amount awarded in this order to the extent that there are funds available and any balance remaining to Plaintiff;

2. Plaintiff's counsel is ordered to refund to Plaintiff $2500.00 of the Section 406(b) fees awarded to as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d);

3. The Clerk of the Court is directed to serve a copy of this order on Plaintiff James Snowden, Jr., 85 East Clinton Avenue, Fresno, CA 93704.

IT IS SO ORDERED.

Dated:   **August 21, 2020**                             **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE